UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY TATUM, )
 )
 Plaintiff, )
 )
v. ) No. 4:12CV879 HEA
 )
SLCRC, et al., )
 )
 Defendants. )

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Timothy Tatum (registration no. 226627), an inmate at Tipton Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $44.42. See 28 U.S.C. § 1915(b)(1). Furthermore, the Court finds that the complaint fails to state a claim upon which relief can be granted, but the Court will allow plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $222.12, and an average monthly balance of $60.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $44.42, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S.

25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the St. Louis County Release Center ("SLCRC"), also known as St. Mary's Honor Center, Novella Chandler, Leslie Rayford, and Unknown Bryant. The individual defendants are current or former employees at the SLCRC. Plaintiff brings this suit against defendants in their official capacities.

At all times relevant to the complaint, plaintiff was assigned to the SLCRC. Plaintiff says he slipped and fell on September 27, 2010, and had to be taken to the hospital on October 1, 2010. Plaintiff claims that around October 12, 2010, he told defendant Chandler that he needed a wheelchair because he could not walk. Chandler refused, but another official gave him one. Plaintiff says that Chandler then sent defendant Rayford to take the wheelchair away from him. Plaintiff maintains that he fell later that day because he could not walk.

After the fall, the director gave plaintiff a wheelchair. Plaintiff says that the director also called an ambulance for him, and he was taken to the hospital.

A couple of days later, says plaintiff, Chandler took his wheelchair away again and gave him crutches. Plaintiff asserts that he could not use the crutches because he had problems with his hands, with his vision, and with his balance.

Plaintiff alleges that two days after Chandler took the wheelchair away he slipped and fell because the floor was slippery and wet. Plaintiff claims that he fractured his left arm, ruptured his spinal cord and disk, and concussed his head. Plaintiff asserts that he had to be taken to the hospital in an ambulance.

Plaintiff says that when he got back to the hospital he was put into administrative segregation.

Plaintiff alleges that Chandler continued to prohibit him from using a wheelchair. Plaintiff claims that he could not ambulate to the chow hall, and as a result, he lost thirty pounds.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College,

72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, plaintiff's claims against the individual defendants fail to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). There are no allegations in the complaint concerning defendant Bryant. As a result, the complaint fails to state a claim upon which relief can be granted as to Bryant for this reason as well.

A suit against SLCRC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. See

Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Therefore, plaintiff's claims against SLCRC are not actionable.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). That is, the amended complaint must include all of plaintiff's claims against all named defendants. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $44.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

Dated this 30th day of May, 2012.

                                       HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE