# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TIMOTHY TATUM, | ) |
| Plaintiff, | ) )  ) |
| v. | )  No. 4:12CV879 HEA |
| SLCRC, et al., | ) ) ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). The Court previously ordered plaintiff to file an amended complaint or face dismissal of this action because the complaint was defective. After reviewing the amended complaint, the Court finds that this action must be dismissed for failure to state a claim upon which relief can be granted.

### Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing

the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the St. Louis County Release Center ("SLCRC"), also known as St. Mary's Honor Center, Novella Chandler, and Leslie Rayford. The individual defendants are current or former employees at the SLCRC. Plaintiff brings this suit against defendants in their official capacities.

At all times relevant to the complaint, plaintiff was assigned to the SLCRC. Plaintiff says he slipped and fell on September 27, 2010, and had to be taken to the hospital on October 1, 2010. Plaintiff claims that around October 12, 2010, he told defendant Chandler that he needed a wheelchair because he could not walk. Chandler refused, but another official gave him one. Plaintiff says that Chandler then sent defendant Rayford to take the wheelchair away from him. Plaintiff maintains that he fell later that day because he could not walk.

After the fall, the director gave plaintiff a wheelchair. Plaintiff says that the director also called an ambulance for him, and he was taken to the hospital.

A couple of days later, says plaintiff, Chandler took his wheelchair away again and gave him crutches. Plaintiff asserts that he could not use the crutches because he had problems with his hands, with his vision, and with his balance.

Plaintiff alleges that two days after Chandler took the wheelchair away he slipped and fell because the floor was slippery and wet. Plaintiff claims that he fractured his left arm, ruptured his spinal cord and disk, and concussed his head. Plaintiff asserts that he had to be taken to the hospital in an ambulance.

Plaintiff alleges that Chandler continued to prohibit him from using a wheelchair. Plaintiff claims that he could not ambulate to the chow hall, and as a result, he lost thirty pounds.

## Discussion

A suit against SLCRC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Therefore, plaintiff's claims against SLCRC are not actionable.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which

[plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants Chandler and Rayford.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 11th day of July, 2012.

                                     HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE